UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LIBERTY INSURANCE UNDERWRITERS INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| | § | CIVIL ACTION NO. 3:17-cv-3029 |
| FIRST MERCURY INSURANCE COMPANY, TRAVELERS LLOYDS INSURANCE COMPANY, AND TRAVELERS INDEMNITY COMPANY, | § § § § § | |
| Defendants. | § § | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants The Travelers Lloyds Insurance Company (incorrectly sued as "Travelers Lloyds Insurance Company") and The Travelers Indemnity Company (incorrectly sued as "Travelers Indemnity Company") (collectively, "Travelers" or "Defendants") file their Notice of Removal of this action from the 95th Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, the Court for the District and Division encompassing the place where the lawsuit is currently pending. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof, Defendants show this Court as follows:

1. On August 31, 2017, Plaintiff Liberty Insurance Underwriters Inc. ("Plaintiff") commenced an action in the 95th Judicial District Court of Dallas County, Texas, styled *Liberty Insurance Underwriters Inc. v. First Mercury Insurance Company, Travelers Lloyds Insurance Company, and Travelers Indemnity Company*, where it was assigned Cause No. DC-17-11313 (the "State Court Action").

2. Removal is timely because thirty (30) days have not elapsed since any defendant was served with a summons or citation. 28 U.S.C. §1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day deadline to remove begins on the date the summons or citation is served even if the complaint is received at a prior date).

3. Defendants are, contemporaneously with the filing of this Notice, giving written notice of filing of this Notice of Removal to the clerk of the 95th Judicial District Court of Dallas County, Texas, and will serve a copy of the Notice of Removal on all parties.

4. In accordance with Local Rule 81.1, attached collectively as Exhibit "A" are all materials filed in the state court. Defendants have also filed contemporaneously with this Notice a civil cover sheet, a supplemental civil cover sheet, and a separately signed certificate of interested persons and disclosure statement that complies with Local Rule 3.1(c) and Rule 7.1 of the Federal Rules of Civil Procedure.

### GROUND FOR REMOVAL: DIVERSITY

5. This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different States where the matter in controversy exceeds $75,000.

    **(a) The amount in controversy exceeds the federal minimum jurisdictional requirements.**

6. Plaintiff seeks to recover from Defendants its alleged "actual damages, consequential damages, attorneys' fees, court costs, and expenses" in connection with a settlement contribution it made as an umbrella liability insurance provider that exceeded $1 million. Accordingly, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

**(b)     Complete diversity between Plaintiff and all defendants exists.**

7.    Corporations "shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and the state or foreign state where it has its principal place of business. . . ." 28 U.S.C. § 1332(c)(1). Plaintiff Liberty Insurance Underwriters Inc. is a corporation organized under the laws of the state of Illinois with its principal place of business in the state of Massachusetts. Accordingly, Liberty Insurance Underwriters Inc. is a citizen of Illinois and Massachusetts.

8.    Defendant First Mercury Insurance Company ("FMIC") is a corporation organized under the laws of the state of Delaware with its principal place of business in the state of Michigan. Accordingly, FMIC is a citizen of Delaware and Michigan.[1]

9.    Defendant The Travelers Lloyds Insurance Company is an unincorporated insurance association comprised of individual underwriters, authorized to conduct business in Texas as a Lloyds Plan insurer. *See* Affidavit of Jeffrey Scott Slack, which is attached hereto as Exhibit "B" and incorporated herein by reference. For purposes of diversity jurisdiction, the citizenship of a Lloyd's plan insurance association is determined by the citizenship of its underwriters. *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993); *see also State Farm Lloyds v. Peed*, No. CIV.A. 3:00CV1696-BC, 2001 WL 513427 (N.D. Tex. May 9, 2001) ("For purposes of diversity jurisdiction, a Lloyds Plan insurer is considered an 'unincorporated association' whose citizenship is determined solely by the citizenship of its underwriters."). The Travelers Lloyds Insurance Company's underwriters all reside in and are citizens of Connecticut; none of its underwriters resides in or is a citizen of

---

[1]    Plaintiff incorrectly alleged that FMIC is an Illinois corporation.

Illinois or Massachusetts. *See* Exhibit "B", Affidavit of Jeffrey Scott Slack. Accordingly, The Travelers Lloyds Insurance Company is a citizen of Connecticut.

10. The Travelers Indemnity Company is incorporated in the State of Connecticut with its principal place of business in Hartford, Connecticut. Accordingly, The Travelers Indemnity Company is a citizen of Connecticut.

11. Defendant FMIC's consent to this removal is not required because it has not been served.

12. Because the amount in controversy exceeds $75,000 and Plaintiff is a citizen of Illinois and Massachusetts while no defendant is a citizen of those states, this Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332. Removal is therefore proper.

WHEREFORE, Defendants pray that the above-described action now pending in the 95th Judicial District Court of Dallas County, Texas be removed to this Court.

Respectfully submitted,

*/s/ Wm. Lance Lewis*
WM. LANCE LEWIS
Texas Bar No. 12314560
MARCIE L. SCHOUT
Texas Bar No. 24027960
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
mschout@qslwm.com

**ATTORNEYS FOR DEFENDANTS THE TRAVELERS LLOYDS INSURANCE COMPANY AND THE TRAVELERS INDEMNITY COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been furnished to counsel of record as specified below in accordance with the Federal Rules of Civil Procedure, this 1st day of November, 2017:

Kevin L. Sewell
Matthew Paradowski
Martin, Disiere, Jefferson & Wisdom, LLP
Tollway Plaza One
16000 N. Dallas Parkway, Suite 800
Dallas, Texas 75248

*/s/ Marcie L. Schout*
Marcie L. Schout